**Dawn DRESCHER, Plaintiff–Appellant,**

v.

**Todd E. SHATKIN, DDS, Samuel Shatkin, Sr., DDS, MD, Samuel Shatkin, Jr., DDS, Samuel Shatkin, DDS, MD, P.C. and Doe P.C./Corp., Defendants–Appellees.**

**Docket No. 00–9382.**

United States Court of Appeals, Second Circuit.

Argued: May 23, 2001.

Decided: Feb. 8, 2002.

Michael C. Driscoll, Esq., Saperston &
Day, P.C., Buffalo, NY; Thomas S. Gill on
the brief, for Plaintiff–Appellant.

William H. Gardner, Esq., Hodgson,
Russ, Andrews, Woods & Goodyear, Buffa-
lo, NY, for Defendants–Appellees.

Before JACOBS, LEVAL, Circuit
Judges, and MURTHA, District Judge.*

LEVAL, Circuit Judge.

Plaintiff Dawn Drescher appeals from
the grant of summary judgment by the
United States District Court for the West-
ern District of New York (Skretny, *J.*)
dismissing her complaint, which alleged
sexual harassment in violation of Title VII,
42 U.S.C. § 2000e *et seq*, by her employer,
a professional corporation doing business
under the name Samuel Shatkin DDS,
M.D., P.C. ("Shatkin P.C."). The issue on
appeal is whether the defendant employer

employed 15 or more persons so as to fall
within the coverage of the statute. We
affirm.

The complaint alleges the following
facts: Around August 1998, Dawn Dresch-
er was hired as a secretary by Shatkin
P.C. Samuel Shatkin, Sr., ("Shatkin Sr.")
during the relevant time was the presi-
dent, sole director, and sole shareholder of
Shatkin P.C. His two sons, Samuel Shat-
kin, Jr., and Todd Shatkin, both worked at
Shatkin P.C. as dentists or doctors.

During the time of Drescher's employ-
ment, Todd Shatkin engaged in a pattern
of persistent sexually offensive, harassing
behavior toward her, notwithstanding her
objections and demands that he stop.
Drescher attempted to complain to Shat-
kin Sr. but was rebuffed. She was fired
on October 9, 1998.

Drescher then filed this action. The
district court dismissed the complaint on
the ground that Shatkin P.C. did not have
fifteen or more employees for twenty or
more calendar weeks in the year of the
harassment or the year preceding and
therefore was not within the coverage of
Title VII.[1] *See* 42 U.S.C. § 2000e(b). In
making this determination, the district
court found that Shatkin Sr. was not an
"employee" of Shatkin P.C. within the
meaning of the statute. Drescher took
this appeal.

*Discussion*

An employer is not covered by Ti-
tle VII unless it employs "fifteen or more

---

* The Honorable John Garvan Murtha, Chief
Judge of the United States District Court for
the District of Vermont, sitting by designa-
tion.

1. The complaint also alleged state law claims,
which the district court dismissed without
prejudice for lack of subject matter jurisdic-
tion. In dismissing the complaint the district
court stated that the dismissal was for lack of
subject matter jurisdiction. In *Da Silva v.*

*Kinsho Int'l Corp.*, 229 F.3d 358 (2d Cir.
2000), decided after the district court's deci-
sion in this case, we held that a dismissal of a
Title VII claim based on an employer's having
fewer than 15 employees was a dismissal on
the merits, rather than a dismissal for lack of
subject matter jurisdiction. As far as con-
cerns this appeal, no practical difference re-
sults from that difference in theory and termi-
nology.

employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The district court's conclusion that Shatkin P.C. did not have fifteen employees in the pertinent period depended on its conclusion that Samuel Shatkin, Sr. was not an employee in that period. The only argument that Drescher asserts on appeal is that Shatkin Sr. should have been counted as an employee of the Shatkin P.C., which would bring its number of employees up to fifteen. Defendants contend that because Shatkin Sr. was the sole shareholder and sole director of Shatkin P.C., he was not an employee within the meaning of the statute, even though he also held the position of president.

Title VII's definition of "employee"—"any individual employed by an employer," 42 U.S.C. § 2000e(f)—is essentially circular. We therefore seek guidance from the caselaw. In *EEOC v. Johnson & Higgins, Inc.*, 91 F.3d 1529 (2d Cir.1996), we considered whether the defendant corporation's directors—all of whom were officers and/or members of the company's senior management—were "employees" within the meaning of the Age Discrimination in Employment Act (ADEA). The ADEA has the same definition of "employee" as Title VII. *See* 29 U.S.C. § 630(f) (defining "employee" as "an individual employed by any employer"). The defendant had a mandatory retirement policy that required the directors to retire from the company at age 60 or 62. The EEOC brought suit on behalf of the officer /directors, arguing that they were employees, and were therefore protected by the requirements of the ADEA. The defendant corporation contended that the directors were more akin to "employers" than to "employees" who are protected by the ADEA. We elucidated a three-part test for determining whether a director of a corporation is also an em-

ployee, entitled to the protection of the Act:

In assessing whether a director has assumed duties that make him an employee for purposes of the anti-discrimination laws, courts have molded the somewhat nebulous "common law agency" test of employment-which requires a broad examination of the totality of the circumstances-into a more manageable three-factor test: (1) whether the director has undertaken traditional employee duties; (2) whether the director was regularly employed by a separate entity; and (3) whether the director reported to someone higher in the hierarchy.

*Id.* at 1539. Under this test we concluded that, although they were members of the Board of Directors, these officers were also "employees" protected by the terms of the act.

The question whether a person is an employee can arise in at least two different contexts. The question most commonly arises when a person works for an employer, but could be considered an employee or an independent contractor. The question in *Johnson & Higgins* was somewhat different. The officer/directors clearly were not independent contractors. The company's argument was rather that they were so high in the company's policymaking hierarchy that they should be considered as akin to the employer, rather than employees. The argument was essentially as follows: It is not sensible to allow the company's directors to complain under ADEA about the company's mandatory retirement policy, because the directors had enacted the policy in the first place and had the power to change it. The issue that arises here concerning the status of Shatkin Sr. focuses on the latter question, rather than the former.

Of the three factors specified by the *Johnson & Higgins* court, some concern themselves more with the first inquiry, whether the person should be considered an employee or an independent contractor, some concern themselves more with the second question, and some with both. The third factor—whether the person reports to someone higher in the hierarchy—relates particularly to the issue raised by that case and this one—whether the individual ranks so high in the employer's hierarchy and policy making apparatus that she should not be considered one of the persons protected by the statute from the employer's policies. Our decision in *Johnson & Higgins*—that the officer/directors were "employees" under the protection of the statute—suggests that a person who otherwise answers the profile of employee must be very high indeed to be taken out of the statute's protection by reason of the person's power to make policy for the employer. For the officers involved in that case, being directors of the corporation was not high enough. This ruling in *Johnson & Higgins* may be explained by the fact that, although those persons sat on the board of directors, none of them individually had the power or ability to change what they might complain of. A majority of the board could alter a company policy; but no individual director could do so.

In applying the same considerations to Shatkin Sr., the district court concluded that, unlike the officer/directors of Johnson & Higgins, he was not an "employee." Notwithstanding his performance of traditional employee duties as president of the company, he had absolute power as the sole director and sole shareholder of the corporation bearing his name, to establish or change company policy at will. He was not obligated to obey any higher authority; there was none.

We conclude that Shatkin is one of the tiny class of persons who so dominate the affairs of the employer that they must be seen as in control of the very policies and actions of which they would be complaining, and who therefore are not considered eligible to sue their employers under Title VII, even though they may be employees in the agency sense. It is true, to the extent Shatkin Sr. serves as president of the corporation, he is its servant; his work is part of the regular business of the corporation; presumably he uses the corporation's equipment for his work and works at the corporation's place of business; in theory he is subject to rules and policies established by the corporation's directors and shareholders. On the other hand, as he is the corporation's sole director and sole shareholder, as well as its president, it is he who has the power to make or alter the rules and policies to which he is theoretically subject and to fire or control persons whose conduct might violate his rights. We conclude that Shatkin Sr. is not within the class of persons—"employees"—who may sue Shatkin P.C. by reason of its rules, policies, or conduct, as they are within his power to change.

■ Plaintiff does not contend that the district court misapplied the *Johnson & Higgins* test, but rather that it should have employed a different test. Thus plaintiff does not argue that Shatkin Sr. should be considered an employee if the inquiry were whether he is eligible to sue Shatkin P.C. for a violation of the Act. While acknowledging that the *Johnson & Higgins* test is appropriate to determine whether a person is within the class of persons ("employees") protected by the statute, she contends the test is not appropriate to determine whether a person is an "employee" for the purpose of assessing whether the employer employs the requisite 15 employees. For this inquiry, plain-

tiff contends the district court should have used the common law agency test for employment status, as elucidated in such cases as *Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989), and *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992).

In *Reid,* the court considered whether a work of sculpture was made by an employee or an independent contractor. The purpose of the inquiry was to determine whether the copyright in the work belonged to the employer under the "work for hire" doctrine, or to the sculptor. In *Darden,* the court considered whether an insurance agent was an employee of an insurance company or an independent contractor to determine whether he was entitled to the protection of the Employee Retirement Income Security Act of 1974 (ERISA). The Court explained in both cases:

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Reid,* 490 U.S. at 751–52, 109 S.Ct. 2166 (footnotes omitted); *Darden,* 503 U.S. at 323–24, 112 S.Ct. 1344. We have often applied these factors in deciding whether a person is an employee or a non-employee independent contractor. *See, e.g., Eisenberg v. Advance Relocation & Storage, Inc.,* 237 F.3d 111 (2d Cir.2000).

Plaintiff argues that while there are policy reasons for withholding the remedies of the Act from an "employee" like Shatkin Sr. who has the power to change whatever he might complain of, these policy reasons have little bearing on the counting of employees to determine whether the employer is small enough to be exempt from the act. According to this argument, regardless whether Shatkin Sr. should be considered an employee eligible to sue for a violation of the statute, he should nonetheless be considered an employee for the purpose of determining whether Shatkin P.C. employs 15 or more employees.

■ We do not disagree that the classic agency law tests for determining employee status, as exemplified by *Reid* and *Darden,* are pertinent to determine whether an employer has 15 employees and is therefore covered by the statute. We assume, although we need not decide in this case, that the employer could have prevailed if it could show that it had fewer than 15 employees according to the conventional agency test. Thus, if Shatkin P.C. could have shown, using the *Reid/Darden* test, that Shatkin Sr. was not an employee, but an independent contractor (or that he was neither an employee nor an independent contractor), presumably it could have prevailed in that manner.

■ The question is whether the term "employee" as used in a single statutory scheme should have different meanings and refer to different persons, depending on the context. In our view, it would be

needlessly untidy and confusing, absent good reason, to have one term mean two different things in a single statutory scheme. We think it preferable, and more likely to reflect the intention of Congress, to construe the statute to mean one thing by the term "employee"—not two different things depending on the context of the inquiry. The persons who are "employees" empowered to enforce the statute against their employers are the ones to be counted as "employees" in determining whether the employer has 15 or more employees. We conclude that Shatkin Sr. is not an "employee" for purposes of the act, and that Shatkin P.C. therefore falls below the fifteen-employee threshold of Title VII.

### *Conclusion*

The judgment of the district court dismissing the complaint is AFFIRMED.