Frederick v. United Brotherhood of Carpenters

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand fourteen.

PRESENT:
> **ROBERT A. KATZMANN,**
> > *Chief Judge,*
> **ROBERT D. SACK,**
> > *Circuit Judge,*
> **JED S. RAKOFF,**[*]
> > *District Judge.*

———————————————————————

Nakeisha Frederick,

> *Plaintiff-Appellant,*

> v.                                    13-1013

United Brotherhood of Carpenters
and Joiners of America (UBCJA)
Local 926, *et al.,*

> *Defendants-Appellees.*

———————————————————————

———————————

[*]The Honorable Jed S. Rakoff, United States District Judge of the District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:          Nakeisha Frederick, *pro se*,
                                  Brooklyn, NY.

FOR DEFENDANT-APPELLEE:           Joni H. Kletter, Hanan B.
                                  Kolko, Meyer, Suozzi, English
                                  & Klein, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **VACATED** and the action **REMANDED** for further proceedings consistent with this order.

Appellant, Nakeisha Frederick, *pro se*, appeals from the district court's grant of summary judgment to the United Brotherhood of Carpenters and Joiners of America (UBCJA) Local 926 ("Local 926"), dismissing her employment discrimination complaint because Local 926 did not have the requisite number of employees to constitute an "employer" for purposes of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, during the relevant years. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment was granted." *See Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (internal citations, quotation marks, and brackets omitted). "Summary judgment is appropriate if

2

there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.; see also* Fed. R. Civ. P. 56(a). Upon such review, we conclude that the district court improperly granted summary judgment to Local 926.

Frederick argues that the district court erred in determining, as a matter of law, that Local 926 was not an employer under Title VII. Pursuant to Title VII, the term "employer" is defined, in relevant part, as "a person . . . who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). An "employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." *Walters v. Metro. Educ. Enters.*, 519 U.S. 202, 206 (1997). However, "[a]n individual who appears on the payroll but is not an 'employee' under traditional principles of agency law, would not count toward the 15-employee minimum." *Id.* at 211 (internal citations omitted).

The district court found that Local 926's two clerical employees counted as "employees," but that the ten members of its Executive Board and the additional six or seven delegates were not "employees" within the meaning of Title VII. Because of this, it concluded that Local 926 had only two employees during the relevant time period, which meant that it did not have the

3

fifteen employees required for it to be an "employer" covered by Title VII.

In assessing whether a higher-level executive has assumed duties that make him or her an employee for purposes of the anti-discrimination laws, we have applied a three-factor test:

> (1) whether the [executive] has undertaken traditional employee duties; (2) whether the [executive] was regularly employed by a separate entity; and (3) whether the [executive] reported to someone higher in the hierarchy.

*E.E.O.C. v. Johnson & Higgins, Inc.*, 91 F.3d 1529, 1539 (2d Cir. 1996); *see also Drescher v. Shatkin*, 280 F.3d 201, 203-04 (2d Cir. 2002).

The district court found that neither the officers nor the delegates of Local 926 are "employees" within the meaning of Title VII. With respect to the officers, the district court acknowledged that they are responsible for the daily operations of Local 926, but concluded that they were not "employees" because "they 'answer to no one except themselves.'" Appellees' App'x 122. However, this finding conflicts with facts in the record, including that the President has the authority to schedule meetings and require the officers to attend, enforce the laws of the union, determine an individual's eligibility to become an officer, and remove officers for poor attendance. In addition, various officers' responsibilities include "assist[ing] the President in the discharge of the official duties," *id*. at

4

88, and "report[ing]" to the President non-members who seek to participate, *id*. at 90. These facts could suggest that the officers reported to the President. Accordingly, since the record contains evidence showing that two of the three *Johnson & Higgins* factors may have been satisfied, we believe that a reasonable juror could find that the officers are employees within the meaning of Title VII. *See also Kern v. City of Rochester*, 93 F.3d 38, 47 (2d Cir. 1996).

As for the delegates, the district court found that they were not employees because, *inter alia*, their "only function is to attend city-wide New York District Council meetings twice a week, receiving approximately $75 per meeting." Appellees' App'x 123. The district court also found it relevant that they are elected, they do not receive a salary, and their work is done in the delegate body of the District Council rather than in the local union. However, this conclusion simply takes Tagliaferro's characterization at face value and ignores evidence in the record showing that delegates' work is not limited to attending District Council meetings. For example, that evidence shows that, after District Council meetings, the delegates must attend Local 926 meetings and report back on a lengthy list of issues. In addition, the evidence indicates that they are required to attend meetings called by the President and they are paid $150.00 per meeting. Most importantly, under Local 926's Bylaws, delegates

5

are also required to "perform duties and assignments designated by the President." Appellees' App'x at 15. Since delegates may be required to perform a broad range of duties (including some that may be seen as traditional employment) and report to the President, we believe that a reasonable juror could find that delegates are employees. *See Johnson & Higgins, Inc.*, 91 F.3d at 1539; *Kern*, 93 F.3d at 47.

Local 926 also argues that, even if its officers and delegates were employees, it would not be liable because Title VII applies only to any employer "who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The test for whether an employer "has" an "employee" is whether the employer has an employment relationship with the employee on the day in question, and not whether the employee actually performs work or receives compensation on the day in question. *See Walters*, 519 U.S. at 206. Thus, the number of board meetings the officers and delegates attend is not dispositive if they are Local 926's payroll—and the plaintiff has proffered a number of employment-related documents indicating that they are. Moreover, given the broad scope of the duties described in Local 926's Bylaws, it is not at all clear that their work is confined to the days on which they attend meetings.

6

For the foregoing reasons—and drawing all permissible factual inferences in favor of Frederick—it cannot be said, on the present factual record, that Local 926 was entitled to judgment as a matter of law. *See Gonzalez*, 728 F.3d at 154. Accordingly, the district court's judgment is **VACATED** and the case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7