**Teresa COUSIN, Plaintiff**

v.

**SOFONO, INC. and Christopher J. Harold, Individually, Defendants**

**No. CIV.A. 01–30186–MAP.**

United States District Court, D. Massachusetts.

Jan. 3, 2003.

---

John J. Green, Jr., Green, Miles, Lipton, White & Fitz–Gibbon, Northampton, MA, for Teresa Cousin, Plaintiff.

Donald W. Frank, Frank & Frank, Springfield, MA, for Sofono, Inc., Christopher J. Harold, Individually, Defendants.

*ORDER REGARDING REPORT AND RECOMMENDATION WITH REGARD TO DEFENDANTS' MOTION TO DISMISS* (Docket No. 11)

PONSOR, District Judge.

Upon *de novo* review, the Report and Recommendation of Magistrate Judge Kenneth P. Neiman dated December 12, 2002 is hereby ADOPTED. The defendants' Motion to Dismiss is hereby DENIED. The clerk will set this case for a status conference.

It is So Ordered.

*REPORT AND RECOMMENDATION WITH REGARD TO DEFENDANT'S MOTION TO DISMISS (Docket No. 11)*

NEIMAN, United States Magistrate Judge.

In this action, Teresa Cousin ("Plaintiff") claims that Christopher Harold

("Harold") and his closely held corporation, Sofono, Inc. ("Sofono"), (together "Defendants"), violated her rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. Plaintiff also raises several related state-law causes of action. Defendants deny Plaintiff's claims and have filed a motion to dismiss the case. The gravamen of Defendants' argument is that Harold is not an FMLA "employer" since he did not employ fifty or more employees during the relevant time period. 29 U.S.C. § 2611(4)(A)(i).

Defendants' motion to dismiss has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons indicated below, the court will recommend that Defendants' motion be denied.

## I. STANDARDS OF REVIEW

Choosing the proper standard of review in this case has proven nettlesome. Although professing to be a "motion to dismiss," Defendants' pleading invokes both the dismissal rule, Fed.R.Civ.P. 12 (no section is given), and the summary judgment rule, Fed.R.Civ.P. 56. For her part, Plaintiff assumes that Defendants' motion arises under Rule 12(b)(6) and, as such, seeks dismissal of the complaint for "fail[ing] to state a claim upon which relief can be granted." It became clear at oral argument, however, that Defendants actually wish to invoke either Rule 56 or Rule 12(b)(1), the latter of which empowers a party to seek dismissal of an action for "lack of jurisdiction over the subject matter."

The application of each rule differs. As to Rule 12(b)(6), the court's inquiry is narrow; it must simply decide whether, from the allegations in the complaint, "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *Accord Roeder v. Alpha Indus., Inc.,* 814 F.2d 22, 25 (1st Cir.1987). Under Rule 12(b)(1), on the other hand, not only may the court consider materials outside the pleadings, *see Gonzalez v. United States,* 284 F.3d 281, 288 (1st Cir.2002), but it must answer a broader question: whether a plaintiff has borne her burden of proving the existence of subject matter jurisdiction. *See Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995). For its part, Rule 56 raises an entirely different issue: whether, "the pleadings, depositions, answers to interrogatories, ... admissions ... [and any] affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

For the reasons set forth below, the court believes that the FMLA "employer" issue is not jurisdictional and ought not be analyzed under Rule 12(b)(1). In the court's view, Rules 12(b)(6) and 56 provide potentially more appropriate vehicles with which to consider the issue. In the end, however, the court believes that, whether viewed as one arising under Rule 12(b)(1), Rule 12(b)(6) or Rule 56, Defendants' motion should be denied.

## II. FACTUAL BACKGROUND

In accordance with Rule 12(b)(6), the court cites only those facts alleged in Plaintiff's complaint and, as required by the rule, extends Plaintiff every reasonable inference in her favor. *See Negron–Gaztambide v. Hernandez–Torres,* 35 F.3d 25, 27 (1st Cir.1994). Additional facts will be supplied in the context of the court's Rule 56 discussion.

In 1994, Plaintiff and her then husband sold their Pennsylvania pizza business, moved to Massachusetts, and became the

operators of a "Domino's Pizza" franchise in Greenfield, Massachusetts, that Harold was buying. (Complaint ¶ 12.) Around the same time, Harold formed Sofono to operate the franchise. (*Id.* ¶ 13.) Harold agreed that Plaintiff and her husband could "rent-to-own" (i.e., "sub-franchise") the store and, ultimately, that Plaintiff could buy the franchise rights. (*Id.* ¶ 14.) At the time Harold acquired the Greenfield franchise, he already owned a Domino's Pizza franchise in Northampton, Massachusetts. (*Id.* ¶¶ 10, 19.)

In 1996, after divorcing her husband, Plaintiff reconfirmed her agreement to sub-franchise the Greenfield store. (*Id.* ¶¶ 16–17.) By 1998, Harold owned three Domino's Pizza franchises, the two in Massachusetts and one in Keene, New Hampshire. (*Id.* ¶ 19.) The complaint describes Plaintiff as the "manager" of the Greenfield store. (*Id.* ¶ 25.)

In 1999, Plaintiff was diagnosed with Arnold Chiari Malformation ("ACM").[1] (*Id.* ¶ 21.) On Memorial Day of 2000, Plaintiff fell and received a blow to her head. (*Id.* ¶ 22.) As a result, her ACM symptoms worsened significantly during the next few months, she began to experience severe breathing and swallowing problems, and she was advised that immediate surgery was necessary. (*Id.*)

On August 28, 2000, Plaintiff notified Harold that she would be having surgery the following day and that she had been informed that she would need three months to recover. (*Id.* ¶ 23.) When Plaintiff requested medical leave under the FMLA, Harold told her "not to worry about it." (*Id.*) However, when she then asked Harold to help with the Greenfield store during her incapacitation, he refused. (*Id.*) Instead, it appears that the store's operations began to suffer. (*Id.* ¶¶ 25–26.)

After Plaintiff's surgery, Harold e-mailed and telephoned her at her home "continuously" to ask work-related questions. (*Id.* ¶ 24.) Although unable to leave her house, Plaintiff did bookkeeping and was paid by Harold for that work. (*Id.*) Nevertheless, on October 30, 2000—three days after the Domino's Pizza franchiser put the Greenfield store into operational default—Harold terminated Plaintiff as manager. (*Id.* ¶¶ 25–27.)

## III. DISCUSSION

■ The FMLA requires a covered "employer" to provide an "eligible employee" with a "serious health condition" up to twelve weeks of unpaid, job-protected leave. 29 U.S.C. § 2612(a)(1)(D). For purposes here, Defendants do not dispute that Plaintiff suffered from a "serious health condition" or that she was an "eligible employee" at the time she requested leave on August 28, 2000.[2] Defendants assert, however, that Harold is not an "employer" for FMLA purposes because he did not employ "50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i). Still, Defendants acknowledge that Harold would cross the fifty employee threshold if his three Domino's

---

1. According to the Chiari Clinic at the University of Missouri Health Sciences Center, ACM "is an uncommon congenital anomaly in which the lower part of the cerebellum protrudes down into the spinal canal, causing tissue compression and hindering normal spinal fluid flow." *See* The Chiari Clinic website (http://tribble.missouri.edu/ns/chiari/) (last visited December 5, 2002).

2. An "eligible employee" is defined as a person who has been employed "for at least 12 months by the employer with respect to whom leave is requested." 29 U.S.C. 2611(2)(A)(i). As Defendants acknowledge, Plaintiff was employed full-time from 1994 to her termination in October of 2000.

Pizza franchises were deemed "integrated." Thus, the "employer" question turns on this factual issue.

Defendants cast this issue as one of subject matter jurisdiction and, accordingly, invoke Rule 12(b)(1). The court, however, for the reasons that follow, concludes that the "employer" issue is not jurisdictional but, rather, goes to the merits of the case. Accordingly, the court has determined that the issue should be analyzed under either Rule 12(b)(6), which Defendants have not invoked, or Rule 56, which they have. In either situation, however, the court believes that Defendants' motion should be denied. Even under Rule 12(b)(1), the court suggests, Defendants' motion should be denied and Plaintiff's complaint ought not be dismissed.

### A. Rule 12(b)(1) Analysis

Defendants are not without justification in placing the fifty employee issue before the court in the framework of a Rule 12(b)(1) motion. Although the First Circuit has not addressed the issue, the Fourth Circuit has considered this factual question as raising subject matter jurisdiction. *See Hukill v. Auto Care, Inc.,* 192 F.3d 437, 441–42 (4th Cir.1999). Other courts have concluded similarly that a parallel issue under Title VII of the Civil Rights Act of 1964 ("Title VII")—whether a defendant has fifteen or more employees so as to be a Title VII "employer"—is jurisdictional. *See, e.g., Scarfo v. Ginsberg,* 175 F.3d 957, 961 (11th Cir.1999) ("Whether [defendants] constitute an 'employer' within the definition of Title VII is a threshold jurisdictional issue."). *See also Greenlees v. Eidenmuller Enters.,*

*Inc.,* 32 F.3d 197, 198 (5th Cir.1994) (discussing Title VII's fifteen employee requirement as jurisdictional issue); *Armbruster v. Quinn,* 711 F.2d 1332, 1335 (6th Cir.1983) (similar); *Baker v. Stuart Broadcasting Co.,* 560 F.2d 389, 391 (8th Cir. 1977) (similar); *Hoar v. Prescott Park Arts Festival, Inc.,* 39 F.Supp.2d 109, 110–11 (D.N.H.1997) (similar).

This court, however, is not so easily persuaded. In the court's view, the question of Harold's status as an FMLA "employer" is appropriately resolved in the context of either Rule 12(b)(6) or Rule 56. In making this determination, the court essentially adopts the analysis in *Da Silva v. Kinsho Int'l Corp.,* 229 F.3d 358, 366 (2d Cir.2000), which led the Second Circuit to conclude that the parallel question under Title VII goes to the merits of a plaintiff's claim, not the court's subject matter jurisdiction. *See also Papa v. Katy Indus., Inc.,* 166 F.3d 937, 943 (7th Cir.1999) (similar); *Equal Employment Opportunity Comm'n v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 623–25 (D.C.Cir.1997) (similar).[3]

As Judge Jon O. Newman explained in *Da Silva,* "[w]hether a disputed matter concerns jurisdiction or the merits (or occasionally both) is sometimes a close question." *Id.,* 229 F.3d at 361. *See also Cowan v. Keystone Employee Profit Sharing Fund,* 586 F.2d 888, 895 (1st Cir.1978) (discussing "gray area" where case might be dismissed for want of jurisdiction). After exploring the intricacies of this question, Judge Newman concluded that the particular factual dispute before him—whether the defendant had fewer than the fifteen employees necessary to meet the

---

**3.** As described more fully below, the First Circuit has considered an instance where the parallel Title VII "employer" issue was submitted to a jury at trial. *See Romano v. U–Haul Int'l,* 233 F.3d 655 (1st Cir.2000), *cert.* denied, 534 U.S. 815, 122 S.Ct. 41, 151 L.Ed.2d 14 (2001). In doing so, however, the court made no mention of the jurisdictional-merits dispute with which this court is confronted.

statutory definition of an "employer" for Title VII purposes—concerned the merits of the action, not subject matter jurisdiction. *Id.*, 229 F.3d at 366. In so concluding, Judge Newman indicated that two considerations were paramount: (1) "the consequences of a determination that some fact or circumstance is an ingredient of subject matter jurisdiction"; and (2) "the wording of the statute identifying the authority of a court to consider the case at hand." *Id.* at 365. Taking what he believed to be "an appropriately limited view of the nature of issues that should determine subject matter jurisdiction and examining the wording of Title VII's jurisdictional statute," he decided "that the threshold number of employees for application of Title VII is not a jurisdictional issue, at least as long as a plaintiff … makes a non-frivolous claim that the defendant is a covered employer." *Id.* at 366.

In this court's estimation, Judge Newman's considerations lead to the same conclusion here with respect to Plaintiff's FMLA claim, namely, that Defendants' motion ought not be addressed under Rule 12(b)(1). First, considering the matter pursuant to Rule 12(b)(1) could potentially undermine the entire effort undertaken by the parties and the court in resolving not only the FMLA claim, but Plaintiff's state-law causes of action over which the court would be exercising supplemental jurisdiction. Thus, were Defendants' motion denied under Rule 12(b)(1), an appellate court empowered to examine subject matter jurisdiction *de novo, see Murphy,* 45 F.3d at 522, could dismiss the entire action even after a verdict is reached on one or more of the federal and state claims. This is precisely what the *Da Silva* plaintiff (in a somewhat paradoxical way) was attempting to accomplish on appeal. *See id.,* 229 F.3d at 361.

Second, considering the "employer" issue as jurisdictional would require the court, in the usual instance, to address factual matters prematurely, i.e., before discovery is complete. This is particularly problematical in FMLA cases because, as described *infra,* the "integrated employer" test comprises a number of factual inquiries. If for no other reason, the court believes that the test should be applied in the context of Rule 12(b)(6) or a summary judgment motion, if not at trial. *See Romano,* 233 F.3d at 665–68. As Judge Newman observed, "the institutional requirements of a judicial system weigh in favor of narrowing the number of facts or circumstances that determine subject matter jurisdiction." *Da Silva,* 229 F.3d at 365.

Third, as Judge Newman found true in Title VII, the FMLA makes clear that a defendant's "employer" status is part and parcel of the elements which a plaintiff must necessarily prove as part of the merits of her claim. *See Duckworth v. Pratt & Whitney, Inc.,* 152 F.3d 1, 3 (1st Cir.1998) (quoting statutory elements of typical FMLA cause of action: " 'It shall be unlawful for any *employer* to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.' ") (emphasis added). As might be expected, the jurisdictional provision of the FMLA, 29 U.S.C. § 2617(a)(2), does not address the even more fact-intensive "integrated employer" question. Thus, a plaintiff's inability to prove that a defendant is an "integrated employer" is not grounds for dismissing the case for lack of subject matter jurisdiction, but for defeating the employee's claim on its merits. *See Da Silva,* 229 F.3d at 365. *Cf. Bleiler v. Cristwood Constr., Inc.,* 72 F.3d 13, 15–16 (2d Cir.1995) (agreeing that defendant was not an "employer" for "ERISA" purposes but rejecting district court's dismissal under Rule 12(b)(1), de-

termining instead that claim should have been dismissed under Rule 12(b)(6)). Concomitantly, a plaintiff's proof that an integrated employer has at least fifty employees should get a plaintiff past summary judgment.

Of course, as Judge Newman notes, a Title VII defendant—or, as here, an FMLA defendant—could seek dismissal under Rule 12(b)(1) "if the pleading were deemed so demonstrably without substance as not even to invoke jurisdiction." *Da Silva*, 229 F.3d at 366 n. 9. *See also Cowan*, 586 F.2d at 895 (action properly dismissed on jurisdictional grounds "since it presented immaterial or insubstantial federal claims"). That is obviously not the case here. There is no question but that Plaintiff's complaint adequately alleges the necessary jurisdictional elements. (See, e.g., Complaint ¶¶ 2, 6, 33–38.) The fact that Defendants have denied these allegations in their answer is of no moment.

### B. *Rule 12(b)(6) Analysis*

■ The inapplicability of Rule 12(b)(1) does not bar Defendants from proceeding under Rule 12(b)(6). Defendants, however, do not profess to do that here. In the court's view, that is the right decision. There is little doubt that Plaintiff's complaint would withstand Rule 12(b)(6)'s relatively modest pleading requirements. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). The complaint sufficiently spells out, in a "non-frivolous" way, the fundamental elements of an FMLA claim, including Harold's "employer" status. (See Complaint ¶ 6 (alleging that Harold—"the principal and owner of a business enterprise compressing [sic] three Domino's franchises"—"is and has been an employer engaged in an industry affecting commerce with 50 or more employees for each working day in each of twenty or more calendar weeks in each relevant calendar year and meets the definition of 'employer' set forth in the FMLA"); *id.* ¶ 33–38 (alleging in detail how Defendants "jointly and severally" violated Plaintiff's FMLA rights).)

### C. *Rule 56 Analysis*

■ As with Rule 12(b)(6), the inapplicability of Rule 12(b)(1) with respect to the "employer" issue does not prevent Defendants from proceeding under Rule 56. *See Da Silva* 229 F.3d at 365–66 ("Of course, a Title VII defendant wishing to defeat a plaintiff's claim on the ground that it lacks fifteen employees is normally entitled ... to seek summary judgment on that issue if undisputed facts can be presented to defeat coverage."). Therefore, it is to that part of Defendants' motion which seeks summary judgment that the court now turns.

Unfortunately, Rule 56 has certain procedural nuances which make its application here somewhat problematical. For one thing, Local Rule 56.1, in relevant part, requires a summary judgment motion to include "a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references, affidavits, depositions and other documentation." Defendants' failure to do so could constitute grounds for denial of the motion. *See* Local Rule 56.1.

Further, while summary judgment may be sought "at any time," Fed.R.Civ.P. 56(1), courts typically entertain motions for summary judgment only after discovery has been completed. Here, however, Defendants' motion was filed on July 1, 2002, in the middle of the discovery process. This timing has caused Plaintiff to raise, at least implicitly, the specter of Rule 56(f), which allows a party opposing a summary judgment motion to seek "a continuance to permit affidavits to be obtained

or depositions to be taken or discovery to be had . . . ." (See Docket No. 17 ("Plaintiff's Brief") at 2, 11.) [4]

Despite these problems, the court, for at least two reasons, is prepared to address the summary judgment component of Defendants' present motion. First, Plaintiff has not invoked Rule 56(f) with the required precision. *See Paterson–Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 988 (1st Cir.1988) (holding that Rule 56(f) invocation should "articulate some plausible basis for [Plaintiff]'s belief that specified discoverable material facts likely exist which have not yet come in from the cold" and show that facts, if obtained, will "suffice to engender an issue both genuine and material"). Second, since the motion was filed, the parties have been able to adduce sufficient facts for the court to adequately address the "integrated employer" issue at this time, at least for purposes of summary judgment.

As indicated, Defendants concede that, if considered together, Harold's three franchises employed more than fifty employees in the applicable time period, thereby making him (if not Sofono) an FMLA "employer." They argue, however, that the court should not consider the three stores as a joint operation because they do not meet the "integrated employer" test set forth in the FMLA's implementing regulations. *See* 29 C.F.R. § 825.104 (2002). *See also* 29 C.F.R. §§ 825.105–825.109 (2002) (elaborating on "employer" definition). The integration issue, the regulations explain, "is not determined by the application of any single criterion, but rather the entire relationship . . . viewed in its totality." 29 C.F.R. § 825.104(c)(2) (2002). Factors to be considered include (i) the commonality of management, (ii) the interrelation between operations, (iii) the centralized control of labor relations, and (iv) the degree of common ownership or financial control. *Id.*

In response, Plaintiff argues that not only does Harold meet the required elements of an integrated employer, but that the policies of the franchiser (Domino's Pizza, Inc.) call for the application of the FMLA "to all corporate locations and franchisees who have at least 50 employees at locations within a 75 mile radius." (Docket No. 18 ("Plaintiff's Affidavit"), Exhibit A.) There is no doubt, Plaintiff argues, that Harold's three franchises—in Greenfield, Northampton and Keene—fall within this circle.

To be sure, Defendants cite evidence—particularly Plaintiff's own deposition testimony—that the Greenfield store stood alone among the three franchises in certain management structure, labor relations and financial control. For example, Defendants observe that Plaintiff herself decided which bills got paid, managed the checkbook, and hired and fired all employees. Defendants also maintain that the franchises did not share employees and that, unlike the other franchise managers, Plaintiff had a unique "rent-to-own" agreement.

---

**4.** To be sure, the Pretrial Scheduling Order permitted Defendants to file any "threshold motions for judgment on the pleadings, or other dispositive motions that may be filed at an early stage" by June 30, 2002. (Docket No. 9 ¶ 3.) However, that same order stated that, following the close of discovery on September 30, 2002, Defendants would have a month, or until October 31, 2002, to file "[a]ny motion for summary judgment" and that Plaintiff would have until November 30, 2002, to file an opposition. (*Id.* ¶¶ 5, 6.) Given the mid-discovery timing of Defendants' motion, Plaintiff moved to extend the discovery deadlines. Although Judge Ponsor denied that motion, he stated that "[t]he court may entertain a motion to reconsider following argument and ruling on the defendants' dispositive motion." (Docket No. 24, margin notation (emphasis omitted).)

For her part, Plaintiff points to evidence that, even though Harold delegated her responsibility which may have exceeded those of his other two store managers, at no time did he relinquish control or management of the Greenfield store. Moreover, Plaintiff notes that Harold remained the primary signatory to the Greenfield store's checking account, controlled all large purchases, and was required to have a unified workers compensation policy for all three stores.

As should be obvious, these factual discrepancies raise genuine issues of material fact which go to the heart of the integrated employer test and thereby preclude summary judgment. The First Circuit's relatively recent decision in *Romano* provides some guidance in this regard. Although cited by neither side, *Romano* makes clear that, where genuine and material factual issues exist, the "employer" inquiry (raised there in the Title VII context) is a particularly apt matter to be decided by a jury. Although the First Circuit determined that the trial court's instructions were flawed, it obviously assumed, as did the parties, that the factual dispute was amenable to jury resolution. *Id.*, 233 F.3d at 665–68. *Compare Russell v. Enterprise Rent–A–Car Co. of Rhode Island,* 160 F.Supp.2d 239, 255 (D.R.I.2001) (resolving "employer" question at summary judgment given the absence of genuine and material issues of fact). That assumption, in this court's opinion, is true here as well as to both Harold and Sofono.[5]

In short, looking at the facts presented in a light most favorable to Plaintiff, a reasonable jury could conclude that Harold, if not Sofono, was an FMLA "employer." Accordingly, the court will recommend that Defendants' motion for summary judgment be denied.

### IV. CONCLUSION

For the reasons stated, the court recommends that Defendants' motion, whether deemed one to dismiss or one for summary judgment, be DENIED.[6]

Dec. 12, 2002.

---

**5.** While Defendants basically discuss Harold and Sofono as one entity, (see, e.g., Docket No. 12 ("Defendants' Brief") at 1), at the end of their brief they articulate certain ramifications "[i]f Sofono ... cannot be integrated with" Harold's other franchises (*id.* at 8). In essence, Defendants maintain that, in such a circumstance, Harold could not be held individually liable for any FMLA violation. In order for Defendants' final argument to have legs Sofono would have to be non-integrated as a matter of law. As described, however, the court believes that genuine issues of material fact preclude such a finding. In any event, it appears settled, as Plaintiff observes, that Harold, if not his closely-held company, can be held individually liable under the FMLA. *See Meara v. Bennett,* 27 F.Supp.2d 288, 291 (D.Mass.1998) (Ponsor, J.) (citing cases). *But see Keene v. Rinaldi,* 127 F.Supp.2d 770, 778 (M.D.N.C.2000) (reaching opposite conclusion).

**6.** The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within ten (10) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health*

& *Human Services,* 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–379 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn,* 474 U.S. 140, 154–55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.