**Alfredo SACA, on behalf of himself and others similarly situated, Plaintiff,**

v.

**DAV–EL RESERVATION SYSTEMS, INC., Defendant.**

No. 07–CV–1702 (RMM)(MDG).

United States District Court, E.D. New York.

March 4, 2009.

David C. Wims, Law Office of David Wims, Brooklyn, NY, for Plaintiff.

Jeffrey P. Englander, Ethan Randall Holtz, Morrison Cohen LLP, New York, NY, for Defendant.

### MEMORANDUM AND ORDER

MAUSKOPF, District Judge.

Plaintiff Alfredo Saca, on behalf of himself and others similarly situated, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law, based on Defendant Dav–El Reservation Systems Inc.'s ("Dav–El") allegedly "unlawful practice of failing to compensate hourly paid employees for 'breaks and meal periods' that Defendant does not actually allow them to take." Amended Complaint (Docket No. 7) ("Compl.") ¶ 1. Dav–El, a company that provides "limousine" services, employed Saca as a "chauffeur or driver" from approximately August 1999 to March 2005. Pl.'s Mem. (Docket No. 34) at 1; Compl. ¶¶ 23–24. Presently before the Court is Dav–El's fully briefed motion to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion is DENIED in its entirety.[1]

### BACKGROUND

The Court assumes the parties' familiarity with the factual background of the case, of which it will provide only a brief summary. Saca alleges that, throughout his employment with Dav–El, he earned hourly wages, worked shifts ranging from ten (10) to twelve (12) hours, and "almost always" worked more than 40 hours per week. Compl. ¶¶ 26–28. Saca claims that he was compensated neither for the overtime hours he worked, nor for the approximately 30 minutes of "break time" that was subtracted from his recorded hours each day despite the fact that he was required to "remain on call for duty" during these supposed "breaks." *Id.* ¶¶ 30, 39–52. Saca alleges that other similarly situated employees, on whose behalf he seeks to proceed, were subjected to these same policies. *Id.* ¶¶ 63–66.

Dav–El proffers five arguments in support of its motion to dismiss the amended complaint: (1) Saca's FLSA claims are barred by the applicable statute of limitations; (2) Dav–El is exempt from the FLSA's overtime provision, 29 U.S.C. § 207, pursuant to the Motor Carrier Act exemption, 29 U.S.C. § 213(b)(1), and/or the "taxicab" exemption, 29 U.S.C. § 213(b)(17); (3) Saca's "spread-of-hours" claim under New York Labor Law fails as a matter of law; (4) All of Saca's claims are barred by a settlement reached between Dav–El and Saca during the course of proceedings before the National Labor Relations Board ("NLRB"); and (5) To the extent that the Court dismisses Saca's federal claims, any remaining state claims should be "remanded" to state court.[2]

---

1. Saca has included in his opposition papers a "cross-motion" seeking to file a second amended complaint. That motion is DENIED for failure to comply with Rule

III(A)(2) of this Court's Individual Motion Practices and Rules.

2. The Court interprets this last argument as a request that the Court decline supplemental

## DISCUSSION

### I. Dismissal under Rule 12(b)(1)

■ As an initial matter, the Court must determine whether Dav–El's second argument—that it qualifies for one or more of the FLSA's statutory exemptions—is properly raised by means of a Rule 12(b)(1) motion. While a district court is "duty-bound ... to address the issue of subject matter jurisdiction at the outset," *Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 929 (2d Cir.1998), Rule 12(b)(1) allows a defendant to challenge the court's subject matter jurisdiction by means of a motion to dismiss.

Although Dav–El does not specify which of its arguments forms the basis for its invocation of Rule 12(b)(1), its point regarding FLSA exemptions appears to be the only one in which subject matter jurisdiction might arguably be implicated. Indeed, the case on which Dav–El primarily relies for its FLSA exemption argument, *Cariani v. D.L.C. Limousine Serv., Inc.*, 363 F.Supp.2d 637 (S.D.N.Y.2005), characterized its FLSA exemption decision as jurisdictional and decided the issue on a Rule 12(b)(1) motion. *Id.* at 649 ("Because Defendant is not subject to the maximum hours rule of the F.L.S.A., this court lacks subject matter jurisdiction over the plaintiff's federal claim.").

The district court in *Cariani*, however, assumed without any explicit analysis that the FLSA exemption issue went to the court's jurisdiction over the controversy rather than the merits thereof. This Court disagrees. In fact, numerous other courts have considered the issue and concluded that a defendant claiming to be exempt from the FLSA is challenging the merits of the FLSA claim rather than the

court's jurisdiction over the subject matter. *See, e.g., Torrico v. Int'l Bus. Machs. Corp.*, 213 F.Supp.2d 390, 396 (S.D.N.Y. 2002) (motion to dismiss based on an FLSA exemption "is not properly treated as one challenging the Court's subject matter jurisdiction ... pursuant to Fed. R.Civ.P. 12(b)(1)") (citing *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000)); *Velez v. Vassallo*, 203 F.Supp.2d 312, 330 (S.D.N.Y.2002) ("whether or not a defendant is statutorily excluded from coverage under the FLSA goes to the merits of the claims against it and not to the jurisdiction of the Court"); *Coleman–Edwards v. Simpson*, No. 03–CV–3779 (DLI)(VVP), 2005 WL 2367628, at *1, 2005 U.S. Dist. LEXIS 46570, at *3 (E.D.N.Y. Sept. 27, 2005) (following *Velez* and holding that the defendants' "arguments [concerning the scope of FLSA coverage] do not show a lack of subject matter jurisdiction"); *see also Jones v. Giles*, 741 F.2d 245, 248 (9th Cir.1984) (district court in FLSA case "had original jurisdiction over the case pursuant to 28 U.S.C. § 1337(a), and there is no question that the court had jurisdiction under 29 U.S.C. § 216(b) to decide whether appellees' overtime claims were exempt from the FLSA").

The conclusions reached in these cases are fully supported by the relevant decisions of the United States Court of Appeals for the Second Circuit. As the Court of Appeals noted in *Da Silva*, " '[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as a predicate for relief—a merits-related determination.' " 229 F.3d at 361 (quoting 2 Moore's Federal Practice § 12.30[1], at 12–36 (3d ed. 2000)). The

---

jurisdiction over Saca's state law claims pursuant to 28 U.S.C. § 1367(c)(3). The Court cannot "remand" claims to state court where the matter was not removed from state court

pursuant to 28 U.S.C. § 1446. *See* 28 U.S.C. § 1447 (governing "[p]rocedure *after removal*")(emphasis added).

court went on to discuss four distinct categories of cases touching upon the merits/jurisdiction issue: (1) cases "requiring determination as to whether the federal question or the diversity jurisdiction of a district court is properly invoked;" (2) cases involving "disputes as to the existence of a fact that is essential to a constitutional exercise of Congress's power to regulate;" (3) cases involving "disputes as to whether a claim, as to which Congress undoubtedly could have constitutionally extended a statute, is within the statute as enacted;" and (4) cases "where the dispute concerns the existence of a fact ... that Congress has specified as a prerequisite for the application of a federal statute." *Id.* at 363.

As in *Da Silva* itself, the instant case falls into the fourth category. After considering the relevant precedent in this and other circuits, the Court of Appeals in *Da Silva* concluded that a dispute over the existence of a prerequisite for applying a federal statute went to the merits of the case, *not* the court's subject matter jurisdiction. *Id.* at 365. Although *Da Silva* involved a Title VII claim, the court's analysis and holding are equally applicable to the FLSA claim at issue in this case. That the amended complaint asserts claims "arising under" federal law—the FLSA—is sufficient to confer subject matter jurisdiction in this case. *See* 28 U.S.C. § 1331. Accordingly, Dav–El's motion to dismiss the amended complaint under Rule 12(b)(1) is DENIED.

## II. *Dismissal of the FLSA claims under Rule 12(b)(6)*

▌ The Court must next consider whether the amended complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). "A complaint should not be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir.2003) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir.1998)). In assessing such a motion, this Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir.1984). The Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir.2007).

Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is appropriate only "if the defense appears on the face of the complaint." *Staehr v. Hartford Fin. Servs. Group*, 547 F.3d 406, 426 (2d Cir.2008) (citing *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir.2004)). For example, dismissal for failure to state a claim would be appropriate where the "complaint shows on its face that the element of statutory coverage is lacking." *Da Silva*, 229 F.3d at 365–66.

Dav–El's argument concerning FLSA exemptions relies heavily on a host of factual issues that appear nowhere in the amended complaint. Instead, Dav–El submits voluminous extrinsic evidence—including affidavits, insurance documents, licenses, dispatch records, and contracts—in support of its argument that it qualifies for the Motor Carrier Act and/or "taxicab" exemptions set forth in 29 U.S.C. § 213(b). When it submitted this evidence, Dav–El relied on the fact that "[i]n resolving a motion to dismiss for lack of subject mat-

ter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir.2008). As discussed above, however, Dav–El's invocation of Rule 12(b)(1) was unfounded.

Although Rule 12(d) permits a district court to convert a Rule 12(b)(6) motion to a Rule 56 summary judgment motion where "matters outside the pleadings are presented to and not excluded by the court," the Court declines to do so at this stage in the proceedings. Dav–El's arguments concerning the FLSA exemptions are highly dependent on facts concerning the nature of Dav–El's business. To take just a few examples, Dav–El premises its arguments on (1) the percentage of its driving "jobs" that involve interstate travel; (2) the intricacies of the system through which its drivers are dispatched; (3) the passenger capacities and weights of the vehicles in its fleet; (4) the proportion of its business involving travel under 70 miles; and (5) the nature of its contractual relationships with certain customers. The facts relevant to these arguments are largely within Dav–El's control and the Magistrate Judge has not yet closed discovery.

Indeed, all three of the post-*Cariani* district court cases that the parties discussed in their briefs—*Vysovsky v. Glassman*, No. 01 Civ. 2531 (LMM), 2007 WL 3130562, 2007 U.S. Dist. LEXIS 79725 (S.D.N.Y. Oct. 23, 2007); *Rossi v. Associated Limousine Servs.*, 438 F.Supp.2d 1354 (S.D.Fla.2006); and *Powell v. Carey Int'l, Inc.*, 490 F.Supp.2d 1202 (S.D.Fla. 2006)—involved summary judgment motions, not motions to dismiss. Even in *Cariani*, the district court afforded the parties an opportunity to conduct discovery on the factual issues involved in the FLSA exemption question. *See Cariani v. D.L.C. Limousine Serv., Inc.*, No. 03–cv-

08383–CM–LMS (S.D.N.Y. Dec. 20, 2004) (order for additional discovery).

The Court will not entertain a pre-discovery summary judgment motion at this time. Dav–El's arguments, which rely on extrinsic evidence rather than challenge the sufficiency of the allegations pled in the amended complaint, must wait until the appropriate time for a post-discovery summary judgment motion. Dav–El's arguments concerning the statute of limitations and the NLRB settlement meet with the same fate. Dav–El relies on the *Cariani* decision as evidence that any FLSA violation was not "willful," thereby subjecting Saca's FLSA claims to a two-year statute of limitations. *See* 29 U.S.C. § 255(a). Whether Dav–El's actions, including its reliance on *Cariani*, were reasonable, however, cannot be determined from "the face of the complaint." *See Staehr*, 547 F.3d at 426. Nor can this Court determine at this stage whether Saca waived his claims in connection with the prior proceedings before the NLRB. Both of these assessments require the development of a proper factual record. Accordingly, Dav–El's motion to dismiss the FLSA claims for failure to state a claim and to dismiss all claims as precluded by the settlement before the NLRB are DENIED.

### III. *Spread-of-hours claim*

As part of his New York Labor Law claim, Saca seeks compensation under New York's "spread-of-hours" regulations for days in which he worked more than ten hours. Compl. ¶ 76; N.Y. Comp.Codes R. & Regs. tit. 12, § 142–2.4. Dav–El asserts that this provision does not apply to employees earning more than minimum wage, and cites to three district court decisions that concluded as much. Def.'s Mem. at 15 (citing *Espinosa v. Delgado Travel Agency*, No. 05 CIV. 6917, 2007 WL 656271, at *2, 2007 U.S. Dist. LEXIS

15149, at \*7–8 (S.D.N.Y. Mar. 2, 2007); *Franklin v. Breton Int'l, Inc.*, No. 06 CIV 4877, 2006 WL 3591949, at \*4, 2006 U.S. Dist. LEXIS 88893, at \*13 (S.D.N.Y. Dec. 11, 2006); *Chan v. Triple 8 Palace, Inc.*, No. 03 CIV. 6048, 2006 WL 851749, at \*21–22, 2006 U.S. Dist. LEXIS 15780, at \*76–77 (S.D.N.Y. Mar. 30, 2006)).

Absent from Dav–El's moving papers, however, is any argument as to why this Court should follow the holdings of *Espinosa, Franklin,* and *Chan.* Ignoring the fact that at least one district court has reached the opposite conclusion on the "spread-of-hours" issue, *see Yang v. ACBL Corp.*, 427 F.Supp.2d 327, 339–340 (S.D.N.Y.2005), Dav–El asks this Court to blindly follow the *Espinosa, Franklin,* and *Chan* decisions without considering the reasoning behind those cases. This is a wholly insufficient basis for a motion to dismiss. Accordingly, this portion of Dav–El's motion is DENIED with leave to renew in any post-discovery dispositive motion.[3]

### CONCLUSION

For the foregoing reasons, Dav–El's motion to dismiss the amended complaint is DENIED in its entirety. Saca's cross-motion to file a second amended complaint is also DENIED without prejudice. Saca is directed to inform his adversary and the Court as to whether he intends to proceed with his "spread-of-hours" claim by filing a letter with the Court within two weeks of the date of this Order. The parties are directed to proceed with discovery before the assigned Magistrate Judge.

SO ORDERED.

---

**3.** The Court is also troubled by the fact that Saca failed to address the "spread-of-hours" issue in his opposition papers. In fact, Saca submitted a proposed second amended complaint that appears to omit this claim. As stated in note 1, *supra*, however, Saca's cross-motion seeking leave to amend his complaint a second time was filed in contravention of this Court's Individual Motion Practices and Rules, and is therefore denied. Nevertheless, Saca must advise Dav–El and the Court as to whether he still wishes to pursue the "spread-of-hours" claim. Saca is directed to file a letter regarding the status of that claim within two weeks of the date of this Order.