11-5015-cv
Gonzalez v. Micelli Chocolate Mold Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand thirteen.

PRESENT:
> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
> REENA RAGGI,
> *Circuit Judges.*

———————————————————————

JESUS EMERIO GONZALEZ,

> *Plaintiff-Appellant*,

> v.                                                                        11-5015-cv

MICELLI CHOCOLATE MOLD CO.,

> *Defendant-Appellee*.

———————————————————————

For Appellant:          Jesus Emerio Gonzalez, *pro se*, Patchogue, NY.

For Appellees:          Tejash V. Sanchala, Villanueva & Sanchala, PLLC, Scarsdale, NY.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Wall, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jesus Emerio Gonzalez, *pro se*, appeals from an award of summary judgment in favor of his former employer, Micelli Chocolate Mold Co. ("Micelli"), in his employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo*. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Id.*; *see also Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (applying the same standard of review to the grant of an unopposed motion for summary judgment).

In his complaint, Gonzalez alleged that Micelli illegally terminated his employment in September 2008 on the basis of his race and national origin. As the magistrate judge properly concluded, however, the undisputed evidence (in the form of Micelli's payroll records) shows that Micelli never "ha[d] fifteen or more employees for each working day in each of twenty or more calendar weeks in" 2008 or in the "preceding calendar year," as required for Title VII to apply to Micelli's conduct. 42 U.S.C. § 2000e(b). As Micelli is not a covered employer under Title VII, Gonzalez's claim fails as a matter of law. *See Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 365 (2d Cir. 2000) (failure to prove that employer was covered under Title VII "is a ground for defeating . . . federal claim on the merits").

For the first time on appeal, Gonzalez argues that the payroll records relied upon by Micelli were inadmissible hearsay as Micelli failed to lay a proper foundation for their admission as business records under Fed. R. Evid. 803(6). By failing to raise this issue in the district court, however, he has forfeited any such arguments on appeal. *See Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005).

Finally, we discern no abuse of discretion in the magistrate judge's decision to decline to exercise supplemental jurisdiction over any state law claims that may have been set forth in Gonzalez's complaint. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003); *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

We have considered all of Gonzalez's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
