Adriane PADILLA, Plaintiff,

v.

Santiago MANLAPAZ a/k/a Sonny Manlapaz; Lilia Reyes a/k/a Lily Reyes; Baguio Corporation a/k/a Baguio Visayas Corporation d/b/a Barrio Fiesta Restaurant a/k/a Barrio Fiesta a/k/a Fiesta Barrio; Visayas Corporation d/b/a Barrio Fiesta Restaurant a/k/a Barrio Fiesta a/k/a Fiesta Barrio; Melpito Corporation a/k/a Melplto Corporation d/b/a Barrio Fiesta Restaurant a/k/a Barrio Fiesta a/k/a Fiesta Barrio, Defendants.

No. 07–CV–4866 (DLI)(RER).

United States District Court, E.D. New York.

June 23, 2009.

Limor Robinson, Skadden Arps Slate Meagher & Flom LLP, David Andrew Colodny, New York, NY, for Plaintiff.

Lloyd Somer, Law Offices of Lloyd Somer, New York, NY, for Defendants.

### OPINION & ORDER

RAMON E. REYES, JR., United States Magistrate Judge.

### BACKGROUND

Defendants Santiago Manlapaz ("Manlapaz"), Lilia Reyes ("Reyes"), Visayas Corporation ("Visayas"), Baguio Corporation ("Baguio"), and Melpito Corporation ("Melpito") (collectively, "Defendants") are the alleged individual and corporate owners of Barrio Fiesta, a restaurant in Queens, New York. (Compl. ¶¶ 3–12). Plaintiff Adriane Padilla ("Padilla" or "Plaintiff") was employed as a waitress at Barrio Fiesta from approximately October 2003 through May 2006. (Compl. ¶ 3) Her duties included, *inter alia,* purchasing supplies for the restaurant (Compl. ¶¶ 33–44; Answer ¶¶ 19, 25) and handling, selling, or working with goods or materials moved in or produced for interstate commerce (Compl. ¶ 13).

On November 21, 2007, Plaintiff initiated this action alleging that while employed at Barrio Fiesta, Defendants violated the Fair Labor Standards Act of 1938, 29

U.S.C. § 201 *et seq.* ("FLSA"), N.Y. Lab. Law §§ 190 *et seq.,* 215(2), 650 *et seq.,* 12 N.Y.C.R.R. §§ 137–1.2, –1.3, –1.7, –2.5, N.Y. Exec. Law § 296, and N.Y.C. Admin. Code § 8–107. (Compl. ¶¶ 117–175.) On March 16, 2009, Defendants filed a Motion to Dismiss arguing that this Court lacks subject matter jurisdiction over Plaintiff's claims under the FLSA, and that if Plaintiff's FLSA claims are dismissed, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state and municipal law claims. The parties consented to my jurisdiction to decide this motion pursuant to 28 U.S.C. § 636. (Docket Entry 35.) For the reasons set forth below, Defendants' motion is hereby denied in its entirety.

### DISCUSSION

Plaintiff alleges that Defendants failed to pay her both the federal minimum wage and overtime wages in violation of sections 206 and 207, respectively, of the FLSA. *See* 29 U.S.C. §§ 206, 207. Both the minimum and overtime wage sections of the FLSA provide coverage for every "employee[ ] who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce...." *Id.* Thus, an employer is subject to both the minimum wage and overtime provisions of the FLSA if *either* (1) their employees are "engaged in commerce" or (2) the employer is an "enterprise engaged in commerce." *Id.; see also Jacobs v. New York Foundling Hosp.,* 483 F.Supp.2d 251, 257 (E.D.N.Y.2007). These two distinct types of coverage are termed "individual coverage" and "enterprise coverage," respectively. *Jacobs,* 483 F.Supp.2d at 257; *Bowrin v. Catholic Guardian Society,* 417 F.Supp.2d 449, 457 (S.D.N.Y.2006) (citing *Tony & Susan Alamo Found. v. Sec'y of Labor,* 471 U.S. 290 at 295 n. 8, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985)).

Under sections 206 and 207, an employer is subject to individual coverage under the FLSA if the employees are "engaged in commerce or in the production of commerce." The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). In order to determine if individual coverage of the FLSA applies, courts must examine the employment actions of each employee asserting a claim. *Jacobs*, 483 F.Supp.2d at 257.

Sections 206 and 207 also both provide for enterprise coverage under the FLSA if an employer is an "enterprise engaged in commerce." 29 U.S.C. §§ 206, 207. Enterprise coverage applies when an employer, *inter alia*, grosses at least $500,000 in annual sales.[1] *See* 29 U.S.C. § 203(s)(1)(A)(ii).

Defendants' motion to dismiss is predicated on Rule 12(b)(1) of the Federal Rules of Civil Procedure, which provides that a cause of action shall be dismissed if a court lacks subject matter jurisdiction. *See* FED.R.CIV.P. 12(b)(1). Defendants argue that they never met the $500,000 requirement for enterprise coverage under the FLSA, thereby precluding subject matter jurisdiction over Plaintiff's claims. Defendants present evidence, the reliability of which Plaintiff contests, to show that the annual gross receipts of Barrio Fiesta have always been well under $500,000. (Manlapaz Aff. & Exs. A–H.) In so doing, Defendants may raise some doubt as to whether Plaintiffs claims under the FLSA are viable. However, this does not raise a jurisdictional issue.

The gross annual sales requirement is not jurisdictional because the plain language of the FLSA makes no reference to that requirement in jurisdictional terms. In an analogous case involving a numerosity requirement in an employment discrimination claim under Title VII, the Supreme Court analyzed the distinction between a lack of subject matter jurisdiction and a failure to prove all of the elements of a federal statutory claim. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). In *Arbaugh*, the defendant moved to dismiss for lack of subject matter jurisdiction after losing at trial, arguing that it did not employ the number of people required to qualify as an "employer" under Title VII. *Id.* at 504, 126 S.Ct. 1235. The trial court granted the motion to dismiss, which the Fifth Circuit affirmed, but the Supreme Court reversed the decision, finding that the numerosity requirement establishes only an element of Title VII, and not a jurisdictional requirement. *Id.*

In *Arbaugh*, the Court noted, "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination." 546 U.S. at 511, 126 S.Ct. 1235 (quoting 2 J. Moore et al, Moore's Federal Practice § 12.30[1], p. 12–36.1 (3d ed. 2005)). In fact, in *Arbaugh*, the Court established a bright line rule that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character." *Id.* at 516, 126 S.Ct. 1235. If it is not jurisdictional, then "the jury is the proper trier of [the issue]." *Id.* at 514, 126 S.Ct. 1235. Examples where statutes have numerosity requirements that are jurisdictional can be found in 16 U.S.C. § 814[2]

---

**1.** An employer may also be an "enterprise engaged in commerce" if it is a health care facility, educational institution, or public agency. 29 U.S.C. § 203(s)(1)(B)-(C).

**2.** "United States district courts *shall only*

and 22 U.S.C. § 6713(a)(1)(B).[3] *See id.* at 515 n. 11, 126 S.Ct. 1235.

Here, there is nothing in the text of the FLSA that expresses a congressional intent to make the $500,000 requirement jurisdictional in nature. *See* 29 U.S.C. § 203(s)(1)(A)(ii). Of course, for Plaintiffs claims to ultimately succeed on a theory of enterprise liability, she will have to prove that *Barrio Fiesta* grossed more than $500,000 in annual sales during the relevant time period. However, this Court has jurisdiction over Plaintiffs FLSA claims irrespective of whether Plaintiff can ultimately prevail on the merits.

 "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has asserted numerous claims under the FLSA, a federal law. (*See* Compl. ¶¶ 114–126; 29 U.S.C. § 216.) "A plaintiff properly invokes § 1331 jurisdiction when he or she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513, 126 S.Ct. 1235 (quoting *Bell v. Hood*, 327 U.S. 678, 681–85, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). The only instances in which a federal claim should be dismissed for lack of subject matter jurisdiction are when that claim "clearly appears immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir.1996) (quoting *Bell*, 327 U.S. at 682–83, 66 S.Ct. 773). Defendants do not argue, nor does it appear from the record, that Plaintiff's FLSA claims are either insubstantial or made solely for the purposes of

obtaining subject matter jurisdiction. Thus, this Court has subject matter jurisdiction under Section 1331.

Relying mainly on *Lamont v. Frank Soup Bowl, Inc.*, No. 99 Civ. 12482(JSM), 2001 WL 521815 (S.D.N.Y. May 16, 2001), Defendants argue that FLSA claims have been dismissed for lack of subject matter jurisdiction where the plaintiff has failed to show $500,000 in gross sales. In *Lamont*, the plaintiff was a former employee of a small New York eatery. *Id.* at *1. The plaintiff brought suit alleging overtime wage violations of the FLSA. *Id.* at *1. The defendant moved for summary judgment, alleging that the plaintiff was not covered by the FLSA, and thus the District Court had no jurisdiction over the plaintiffs claims. *Id.* The court found that the defendant never grossed $500,000 in annual sales, and consequently granted the defendant's motion for summary judgment for lack of subject matter jurisdiction. *Id.* at *3.

*Lamont*, however, was decided five years prior to *Arbaugh*. In *Arbaugh*, the Court stated that previous decisions "often obscure the issue by stating that the court is dismissing 'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction...." 546 U.S. at 511, 126 S.Ct. 1235 (quoting *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361 (2d Cir.2000)). The Court further stated that "such unrefined dispositions [are] 'drive-by jurisdictional rulings' that should be accorded 'no precedential effect' on the question whether the federal court had authority to adjudicate the claim in suit." *Id.* at

---

*have jurisdiction* of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000." 16 U.S.C. § 814 (1992) (emphasis added).

3. "The district courts of the United States *shall have original jurisdiction* ... of any civil action or claim described in subparagraph (A) that does not exceed $10,000." 22 U.S.C. § 6713(a)(1)(B) (1998) (emphasis added).

511, 126 S.Ct. 1235 (citation omitted). Moreover, at least one other court in this Circuit has called *Lamont* into question. *See Velez v. Vassallo*, 203 F.Supp.2d 312 (S.D.N.Y.2002). The court in *Velez* explicitly referred to *Lamont*, but instead took "guidance from those opinions ... that ... more squarely considered the issue of what is properly 'jurisdictional' under the FLSA," and held that the $500,000 requirement for enterprise coverage under the FLSA is a question on the merits, and not a jurisdictional issue. *Id.* at 330–32. In short, I agree.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied in its entirety.