On Motion for Rehearing
 

 SCHWARTZ, Senior Judge.
 

 After oral argument on appellant’s motion for rehearing, the opinion of October 6, 2010, is vacated and the following is substituted in its place:
 

 The plaintiff Alvarado was employed as a maintenance person in a commercial office building operated by the appellee, Bayshore Grove Management, LLC. After he was discharged allegedly for excessive tardiness and absenteeism, he brought this two count action under the Federal Labor Standards Act, 29 U.S.C. § 201 (“FLSA”),
 
 *406
 
 for unpaid overtime (Count I) and for unlawful discharge under the anti-retaliatory provision of the act based on the claim that Bayshore had fired him because he had made generalized verbal complaints about his compensation (Count II). The trial court entered summary judgment on both counts for Bayshore. Alvarado appeals but we affirm for the following reasons.
 

 I.
 

 The overtime claim is not cognizable as a matter of law because neither Alvarado nor the employer is subject to the act:
 

 1. There is no “individual coverage” for Alvarado inasmuch as he was not, as 29 U.S.C. § 206(a) requires “engaged in commerce or in the production of goods for commerce” within the meaning of the statute. See
 
 Lenca v. Laran Enters., Inc.,
 
 388 F.Supp. 782, 784-85 (N.D.Ill.1974) (collecting cases finding “residential or commercial janitor’s work does not substantially affect interstate commerce” for purposes of FLSA coverage); see also
 
 Thome v. All Restoration Servs., Inc.,
 
 448 F.3d 1264 (11th Cir.2006) (same as to mold and water restoration worker);
 
 Jimenez v. S. Parking, Inc.,
 
 2008 WL 4279618, *1 (S.D.Fla.2008) (same as to car wash employee).
 

 2. The alternative basis asserted for coverage under the act likewise does not apply because the
 
 employer
 
 Bayshore is not an “enterprise engaged in commerce or in the production of goods for commerce.” 29 USC § 207(a). This is so because, contrary to 29 USC § 203(s)(l),
 
 [1]
 
 its “annual gross volume of sales made or business done” was, at most, $461,605.00, less than the $500,000 required. See
 
 Padilla v. Manlapaz,
 
 643 F.Supp.2d 298 (E.D.N.Y.2009);
 
 Cordero v. Red Grouper, Inc.,
 
 2008 WL 1781158, *1 (M.D.Fla.2008);
 
 Casanova v. Morales,
 
 2007 WL 4874773, *1 (S.D.Fla.2007).
 

 II.
 

 We also affirm the summary judgment on the retaliation claim because, even considered in its best light, the plaintiffs oral “complaint”
 
 [2]
 
 about the failure to pay him for the hours he had worked and his allowance for overtime, did not meet the degree of formality required to invoke the Act’s anti-retaliation provision. See 29 U.S.C. § 215(a)(3);
 
 Kasten v. Saint-Gobain Performance Plastics Corp.,
 
 — U.S. -,-, 131 S.Ct. 1325, 1334-1335, 179 L.Ed.2d 379 (2011).
 

 The Supreme Court in
 
 Kasten
 
 specifically held:
 

 At oral argument, the Government said that a complaint is “filed” when “a reasonable, objective person would have understood the employee” to have “put the employer on notice that [the] employee is asserting statutory rights under the [Act].” Tr. of Oral Arg. 23, 26. We agree.
 
 To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights
 
 
 *407
 

 •protected by the statute and a call for their protection.
 
 This standard can be met, however, by oral complaints, as well as by written ones, [e.s.]
 

 Kasten,
 
 131 S.Ct. at 1335.
 

 Alvarado himself described his complaint as follows:
 

 Just before I was fired on July 11, 2007, I complained to Defendant’s management that I was not receiving the correct amount of pay since my time records were altered and/or falsified so as to avoid having to pay me overtime.
 

 It is obvious that this “complaint” fell far short of the degree of specificity and reference to the statute required by the Supreme Court.
 
 [3]
 

 Affirmed.
 

 [1]
 

 . 29 U.S.C.A. Section 203, states in part:
 

 (s)(l) "Enterprise engaged in commerce or in the production of goods for commerce” means an enterprise that—
 

 [[Image here]]
 

 (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 ...
 

 [2]
 

 . The Supreme Court's decision in
 
 Kasten v. Saint-Gobain Performance Plastics Corp.,
 
 - U.S. -, 131 S.Ct. 1325, 179 L.Ed.2d 379 (2011), vacating the Seventh Circuit's decision at 570 F.3d 834 which was followed in the original opinion in this case, nullifies our previous holding that any such complaint must be in writing.
 

 [3]
 

 . Like our earlier opinion, we pretermit consideration of the appellee’s still further arguments for affirmance, including without limitation (1) whether a retaliation claim is not available if as in this case the underlying employment is not covered by the wages and hours provisions of the federal statute, see
 
 Lamont v. Frank Soup Bowl, Inc.,
 
 2001 WL 521815, *6 (S.D.N.Y. May 16, 2001); and (2) whether, as was also specifically reserved in
 
 Kasten,
 
 131 S.Ct. at 1336, the claim is cognizable when the complaint is made only to the employer, as here, rather than to an official body.
 
 Id.
 
 (“Resolution of the government/private employer question is not a ‘predicate to an intelligent resolution’ of the oral/written question that we granted certiorari to decide.” (citations omitted).